J-S23026-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| NIKKI WILLIAMS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SILVERIO ESPADA | : | No. 3211 EDA 2025 |

Appeal from the Judgment Entered September 5, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  230802482


BEFORE:   LAZARUS, P.J., MURRAY, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 7, 2026**

Nikki Williams (Appellant) appeals, *pro se*, from the judgment entered against her, and in favor of Silverio Espada (Espada), in this personal injury/negligence action involving a motor-vehicle collision.   After careful consideration, we affirm.

On August 23, 2023, Appellant filed a civil complaint against Espada seeking damages that resulted from a motor-vehicle collision.  The complaint alleged that on August 2, 2022, at 1:30 p.m., Espada's vehicle collided with Appellant's vehicle on the I-676 Vine Street Expressway, in Philadelphia, Pennsylvania.  Complaint, 8/23/23, ¶¶ 3, 5.  According to the complaint, Espada attempted to change lanes without proper clearance.  *Id.* ¶ 8.  As a

_____

* Retired Senior Judge assigned to the Superior Court.

result of the collision, Appellant averred she suffered "serious, severe and permanent bodily injuries, including … upper back and neck pain[.]" *Id.* ¶ 7. Appellant's complaint presented one count of negligence against Espada. *Id.* ¶¶ 8-14.

Following procedural matters not relevant to this appeal, the case proceeded to a jury trial on July 16-18, 2025. On July 18, 2025, the jury returned a verdict in favor of Espada, and against Appellant. In answering interrogatories, the jury determined that both parties were negligent, and that both parties' negligence caused Appellant's injuries. Jury Interrogatories, 7/18/25, Questions 1-4. In apportioning negligence, the jury attributed 90% of the negligence to Appellant, and 10% of negligence to Espada. *Id.*, Question 5.

On July 25, 2025, Wanda Brice (Ms. Brice), Appellant's "Daughter and Trial Observer," filed a post-trial motion on Appellant's behalf.[1] The trial court denied the post-trial motion on September 5, 2025, and on September 9, 2025, entered judgment on the jury's verdict. The certificate of service indicated that a copy of the judgment was served on Appellant's counsel of record, via the trial court's electronic filing system. Praecipe, 9/9/25, certificate of service. However, on September 11, 2025, the post office

_____

[1] Ms. Brice is not a licensed attorney.

- 2 -

returned the service directed to Appellant, and requested an address correction for Appellant.

Appellant filed a *pro se* notice of appeal on December 5, 2025. Appellant's *pro se* notice included an email attachment identifying two issues for review: "due process procedural irregularities," and a judicial conflict of interest. Notice of Appeal, 12/5/25. Appellant also included a "Motion to Reinstate Appeal Rights *Nunc Pro Tunc*" (Motion to Reinstate), claiming that the trial court failed to notify her of its order denying her post-trial motion. Motion to Reinstate, ¶ 3. Appellant claimed a breakdown of the court's operations. ***Id.*** ¶ 4.

The trial court, on December 11, 2025, filed an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal (Rule 1925 Order). The Rule 1925 Order stated it was served on Appellant by first-class mail, at the following address:

> Nikki Williams          Pro-Se Plaintiff
> 148 W. Flagstone Drive
> Newark, DE 19702

Rule 1925 Order, Proof of Service.

On January 5, 2025, Appellant, "by and through her lay representative [Ms.] Brice," filed an application to amend the record. On January 14, 2025, Ms. Brice, acting as Appellant's "Trial Observer/Case Advocate," again filed an application to amend the record. Application to Amend, 1/14/25, at 2. This Application included a purported "Emergency Notice of Continued

Interference" (Emergency Motion), authored by Ms. Brice, claiming the trial court improperly contacted Appellant by sending Appellant a letter requesting a Pa.R.A.P. 1925(b) concise statement. Emergency Motion, 1/14/26, at 1. Appellant claimed the trial court no longer had jurisdiction over the matter, and that its actions could be considered harassment or obstruction of the appellate process. *Id.* On February 2, 2026, Appellant, through Ms. Brice, filed a third application to amend. Application to Amend, 2/2/26.

On February 2, 2026, this Court entered an order striking Appellant's applications to amend, stating, in relevant part, the following:

> Here, the January 5, 2026[,] and January 14, 2026[,] Applications to Amend were signed by [Ms.] Brice purportedly on behalf of Appellant Nikki Williams. [Ms.] Brice is not a party to this appeal or the underlying action. Importantly, [Ms.] Brice is not a licensed attorney. Because [Ms.] Brice is not a licensed attorney, she cannot file legal papers on behalf of Appellant. *David R. Nicholson, Builder, LLC v. Jablonski*, 163 A.3d 1048, 1054 (Pa. Super. 2017) (setting forth rule that, with very few exceptions, non-attorneys cannot represent parties before Pennsylvania courts and most administrative agencies); *see also Bisher v. Lehigh Valley Health Network, Inc.*, 265 A.3d 383 (Pa. 2021) (providing that where [a] court learns that [a] person engaged in [the] unauthorized practice of law, [the] court [is] obligated to take corrective action).

> Accordingly, [Ms.] Brice is **PROHIBITED** from filing any further legal papers with this Court on behalf of Appellant.

> The January 5, 2026 "Application to Amend" and the January 14, 2026 "Application to Amend" are **STRICKEN**.

Order, 2/2/26.

On January 8, 2026, the trial court entered an order deeming Appellant's issues waived, based on her failure to comply with Pa.R.A.P. 1925(b). Trial

- 4 -

Court Order, 1/8/26. On February 2, 2026, the trial court filed an opinion again deeming Appellant's issues waived on appeal. Trial Court Opinion, 2/2/26, at 1. In the interim, this Court directed Appellant to show cause why her appeal should not be deemed untimely filed. Order, 2/1/26. Appellant filed a *pro se* response to this Court's order. This Court discharged the rule, referring disposition of the issue to the merits panel.

Appellant presents the following issues for our review:

1. Whether defects in notice and mailing of post-trial orders, including returned mail noted on the docket and no evidence of re-sending or alternate notice, fail[] to satisfy Pa.R.C.P. 236 and due-process requirements that notice be reasonably calculated to inform Appellant of critical decisions, thereby prejudicing her ability to seek timely relief[;]

2. Whether Appellant was denied due process and a fair civil trial where the trial court permitted a third-party witness to testify about an alleged prior "accident" at Appellant's former workplace[,] based on a paper the witness admitted Appellant did not write, whose author and source she did not know, without any police report or authenticated company records, contrary to Pa.R.E. 401 403, 602, and 802, and where that testimony was used to attack Appellant's character and credibility in a rear-end collision case that [Espada]admitted he caused[;]

3. Whether the verdict should be vacated or a new trial granted where the defense introduced a late, undocumented narrative about an alleged prior "accident" at a former job, and the trial court failed to properly limit or exclude evidence lacking foundation or relevance, resulting in unfair prejudice and confusion of the issues in violation of Appellant's rights under U.S. CONST. amend. XIV and PA. CONST. art. 15 § 11[;] and

4. Whether Appellant's right to full and fair post-trial review was compromised where trial counsel withdrew immediately after an adverse verdict, refused to pursue post-trial relief despite substantial trial irregularities, and defense counsel later sent a

letter after the appeal was docketed asserting she had ignored the post-verdict motion because it was not filed under the "correct rules," while claiming the matter had already been fully investigated and her client wanted the verdict to remain unchanged, contrary to the principles embodied in Pa.R.A.P. 227.1 and [Pa.R.C.P.] 1.1, 1.3, 1.4, 1.16(d), 3.3, and 3.4.

Appellant's Brief at 2-3 (unpaginated) (issues reordered).

Initially, we address whether Appellant timely filed her notice of appeal, a matter touched upon in Appellant's first issue. **See** Appellant's Brief at 15 (unpaginated) (asserting that the trial court's defective notices of its judgment and orders caused her prejudice). The timeliness of an appeal implicates our jurisdiction. **See Lobos Mgmt. v. Powell**, 330 A.3d 438, 443 (Pa. Super. 2025) (recognizing the timeliness of an appeal implicates this Court's jurisdiction). "Because jurisdiction is a pure question of law, our standard of review is *de novo*, and our scope of review is plenary." **Strasburg Scooters, LLC v. Strasburg Rail Rd., Inc.**, 210 A.3d 1064, 1068 (Pa. Super. 2019).

A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Generally, appellate courts cannot extend the time for filing an appeal. **See** Pa.R.A.P. 105(b) (recognizing "the court may not enlarge the time for filing a notice of appeal"); **Blucas v. Agiovlasitis**, 179 A.3d 520, 525 (Pa. Super. 2018) ("Where a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace."). "Nonetheless, it has long been the law of this Commonwealth that the failure to file a timely appeal[,] as a result of a breakdown in the court system[,] is an exception to that

general rule." ***Commonwealth v. Stansbury***, 219 A.3d 157, 160 (Pa. Super. 2019). A breakdown in the operations of the court requires proof such as "a failure on the part of the prothonotary to fulfill his or her ministerial duties[.]" ***Rothstein v. Polysciences, Inc.***, 853 A.2d 1072, 1075 (Pa. Super. 2004).

Our review discloses that on September 9, 2025, the trial court entered judgment on the jury's verdict. However, the trial court's docket reflects that service of the judgment, on Appellant, was returned as undeliverable. Docket Entry, 9/19/25. There is no docket entry reflecting effective service of the judgment on Appellant. We conclude that the prothonotary's failure to serve and docket service to Appellant constituted a breakdown of the court's operations. ***See Rothstein***, 853 A.2d at 1075. Accordingly, we decline to quash Appellant's appeal as untimely filed.

We next consider whether Appellant waived her issues by failing to comply with Pa.R.A.P. 1925. "The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." ***Trigg v. Children's Hosp. of Pittsburgh of UPMC***, 229 A.3d 260, 269 (Pa. 2020).

The Pennsylvania Supreme Court has made clear that an appellant's compliance with Rule 1925(b) is mandatory.

> [T]o preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived.

*Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998), *accord Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*).

Pennsylvania Rule of Appellate Procedure 1925(b) is very clear and very strict:

> If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> > *(1) Filing and Service.* The appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record shall be as provided in Pa.R.A.P. 121(a) …. Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order. Service on the parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

Pa.R.A.P. 1925(b). The Rule requires the statement to be filed within 21 days of the order's entry on the docket. Pa.R.A.P. 1925(b)(2)(i).

"Where the trial judge has issued a Rule 1925(b) order, the appellant's failure to file and serve on the trial judge a statement of errors complained of on appeal automatically waives all issues on appeal." *Keystone Specialty Servs. Co. v. Ebaugh*, 267 A.3d 1250, 1254 (Pa. Super. 2021) (citation omitted); *see also Forest Highlands Commun. Ass'n v. Hammer*, 879 A.2d 223 (Pa. Super. 2005) (holding that an appellant's failure to serve the trial judge with a Rule 1925(b) statement resulted in waiver of issues on appeal).

- 8 -

Here, Appellant failed to serve her Rule 1925(b) statement on the trial court, which ordinarily would result in waiver of her issues. However, this Court has declined to find waiver where a trial court failed to comply strictly with the requirements of Rule 1925(b)(3) (Contents of order). **See Imbrenda v. Imbrenda**, 350 A.3d 1061, 1070 (Pa. Super. 2026) (declining to find waiver where the trial court's order failed to comply with Pa.R.A.P 1925(b)(3)).

Rule 1925(b)(3) provides, in relevant part, that

[t]he judge's order directing the filing and service of a [Rule 1925(b)] Statement shall specify:

* * *

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) **and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement**. In addition, the judge may provide an email, facsimile, other alternative means for the appellant to serve the judge[.]

Pa.R.A.P. 1925(b)(3)(iii) (emphasis added). The note to Rule 1925 clarifies that "subparagraph [(b)(3)] specifies what the judge **must** advise appellants when ordering a Statement." Pa.R.A.P. 1925, Note (emphasis added).

Instantly, the trial court's Rule 1925 Order failed to include the location for service of the concise statement on the trial court, either in person or by mail. Because the trial court failed to comply with Pa.R.A.P. 1925(b)(3)(iii), we decline to find waiver. **See Commonwealth v. Stroud**, 298 A.3d 1152, 1156 (Pa. Super. 2023) (finding no waiver where the trial court's Rule 1925(b)

order was "unenforceable," because it failed to specify the place where Appellant could serve the statement in person, or address to which it could be mailed).

We consider Appellant's second and third issues together, as Appellant addresses them together in the argument section of her brief. Appellant argues that the trial court improperly permitted "the defense's third-party witness" to testify about a prior accident at Appellant's former workplace. Appellant's Brief at 11. Appellant does not identify the witness, but claims the witness's evidence/testimony suggested that Appellant's testimony (in this case) is not credible. *Id.* Appellant contends this witness lacked "the proper knowledge and foundation that Pa.R.E. 602 and 802 require." *Id.* According to Appellant, the witness may have had the correct date of the prior incident, "but her story about what happened was wrong[.]" *Id.* Appellant claims the prior incident involved a company vehicle and client, "which she reported to her employer and which is reflected in prior workplace records." *Id.* at 12.

Appellant further argues that the "witness brought a paper to court and used it to attack [Appellant's] character." *Id.* According to Appellant, the witness admitted she did not write the paper and did not know its author. *Id.* Appellant claims the document was not authenticated, and the witness's reliance on it "rested on speculation and hearsay." *Id.* Appellant asserts the trial court improperly admitted this testimony, which was inflammatory and irrelevant. *Id.* Appellant argues that

[a]llowing the jury to consider this unsupported narrative constituted an abuse of discretion under Pa.R.E. 401, 403, 602, and 802[,] and violated [Appellant's] right to a fair trial under U.S. CONST. amend XIV and PA. CONST. art I, § 11. A new trial is warranted.

*Id.* at 12-13 (citations modified).

Appellant challenges the admissibility of evidence. The admission of evidence

is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Woodard*, 129 A.3d 480, 494 (Pa. 2015) (quotation marks and citations omitted).

Upon review, we are at a loss to even identify the evidence challenged by Appellant. Appellant fails to identify the witness, whose testimony she challenges. Appellant includes no citations to the notes of testimony that would enable us to identify and review the challenged testimony. Finally, beyond baldly citing evidentiary rules, Appellant provides no argument explaining the evidentiary rules' applicability in this case, or case law to support her argument.

We direct Appellant's attention to Pennsylvania Rule of Appellate Procedure 2119:

The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--

in distinctive type or in type distinctively displayed--the particular point treated therein, **followed by such discussion and citation of authorities as are deemed pertinent**.

Pa.R.A.P. 2119(a) (emphasis added). Rule 2119 further requires that the argument must set forth "a reference to the place in the record where the matter referred to appears." Pa.R.A.P. 2119(c).

Our Supreme Court has stated,

an appellant bears the burden of sufficiently developing [her] arguments to facilitate appellate review. [O]ur rules of appellate procedure are explicit that the argument contained within a brief must contain such discussion and citation of authorities as are deemed pertinent. Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate [an] appellant's arguments for [her]….

***Commonwealth v. Armolt***, 294 A.3d 364, 376-77 (Pa. 2023) (citations and quotation marks omitted); ***see also*** Pa.R.A.P. 2119(a). Similarly, this Court has opined that

[w]hen an appellant's argument is underdeveloped, we may not supply it with a better one. In such situations, [w]e shall not develop an argument for an appellant, **nor shall we scour the record to find evidence to support an argument**; instead, we will deem the issue to be waived.

***Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 884-85 (Pa. Super. 2019) (citation and quotation marks omitted; emphasis added). Because

Appellant failed to comply with our Rules of Appellate Procedure, we deem her second and third issues waived.[2]

In her fourth issue, Appellant argues that her trial counsel's abandonment of her undermined the fairness of the post-trial process. Appellant's Brief at 13 (unpaginated). Appellant claims her "trial counsel and his firm sent a letter after the verdict indicating that they would no longer represent [Appellant]." *Id.* Although Appellant asked the firm's paralegal about filing a post-trial motion, Appellant claims that trial counsel responded, in writing, that he would not file a motion because there is no legal basis for relief. *Id.* Appellant claims that her trial counsel failed to withdraw his appearance and failed to explain post-trial procedures to her. *Id.* at 13-14.

Appellant asserts that Espada's counsel compounded the error by sending Appellant a letter advising that Appellant's post-trial motions were not filed under the "correct rules[.]" *Id.* at 14. Appellant argues that "[r]ather than engaging with the merits of [Appellant's] complaints about improper

_____

[2] In reviewing the record, we find only one instance wherein a prior accident was mentioned in testimony. During the cross-examination of Appellant, defense counsel inquired whether Appellant had been involved in an accident on December 1, 2023. N.T., 7/16/25, at 63. The accident purportedly involved Appellant stopping for a pedestrian, at which time another vehicle struck the back of her vehicle. *Id.* at 63. Appellant denied being in an accident at that time. *Id.* at 64. Appellant further denied being aware of a workers' compensation claim filed by her then-employer on December 1, 2023. *Id.* Appellant lodged no objection to this line of inquiry and therefore, failed to preserve the issue for appellate review. *See* Pa.R.A.P. 302(a) (stating an issue cannot be raised for the first time on appeal). Thus, if this is the testimony challenged by Appellant, the issue is waived.

evidence and an inconsistent verdict, the letter relied on a procedural technicality and sought to minimize the seriousness of the trial irregularities." *Id.* Appellant claims that although she is not requesting that this Court impose disciplinary sanctions, "[t]hese factors weigh in favor of granting a new trial or other appropriate relief." *Id.*

Initially, we observe that Appellant relies on evidence outside of the record regarding her claim of post-trial abandonment.

> It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in this case. Any document which is not part of the official certified record is considered to be nonexistent, which deficiency may not be remedied by inclusion in the reproduced record.

*Brandon v. Ryder Truck Rental, Inc.*, 34 A.3d 104, 106 n.1 (Pa. Super. 2011) (quotation marks and citations omitted).

In addition, Appellant's claim that she is entitled to equitable relief, in the form of a new trial, is unsupported by citations to and discussion of relevant legal authorities. *See* Pa.R.A.P. 2119(a). As stated above, "[i]t is not the obligation of an appellate court to formulate [an] appellant's arguments for [her]." *Armolt*, 294 A.3d at 377.

> Indeed, we are neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter. The Court is left to guess at the actual complaint that is intended by the party.

*Id.* (citations and quotations marks omitted). For this reason, we deem Appellant's fourth issue waived.

Judgment affirmed.

- 14 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>8/7/2026</u>